UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                                               Civil No. 07-15126
                                                                Hon. John Feikens

      v.

SIXTY-FIVE THOUSAND EIGHT HUNDRED
TWENTY-TWO DOLLARS AND THIRTY CENTS
IN UNITED STATES CURRENCY ($65,822.30),

      Defendant *in Rem*.
_____/

**ORDER GRANTING THE GOVERNMENT'S MOTION TO STRIKE SALERNO'S CLAIM AND ISSUE A FINAL ORDER OF FORFEITURE**

      The Federal Government has instituted this in rem civil forfeiture action against $65,822.30 in U.S. currency that was seized by police in Novi, Michigan. Fox Salerno has filed a claim to the currency and moved that this action be dismissed on jurisdictional grounds. The Government has filed a motion requesting that I strike Salerno's claim to the currency and issue a final order of forfeiture. For the reasons set forth below, I GRANT the Government's motion to strike Salerno's claim and issue a final order of forfeiture.

**FACTS**

      On September 2, 2007, police in Novi, Michigan received a tip that a man in a Chevy Avalanche had been flashing large sums of money at the Mixx Lounge. The police located the vehicle and the driver agreed to submit to questioning. After initially lying about his identity,

the driver provided the police with a driver's license that listed his name as Arturo Delgado. A database search revealed that the State of Arizona had issued a warrant for Delgado's arrest based on a parole violation.

After taking Delgado into custody, the officers searched his vehicle and discovered $65,822.30 in currency in a duffle bag. A Novi Police K-9 unit was called and a dog trained in the detection of narcotics alerted police to the presence of narcotics residue on the currency. The Novi police turned the currency over to the United States Drug Enforcement Administration and it is currently in possession of the United States Marshals Service.

On December 3, 2007, The Government filed this in rem civil forfeiture action against the $65,822.30 seized from Delgado. Fox Salerno, a pro se litigant currently incarcerated in Arizona, has filed a claim to the Defendant Currency. He has also filed a motion to dismiss the Government's civil forfeiture action for lack of jurisdiction. Salerno bases his motion to dismiss on the contention that there is no connection between the Defendant Currency and narcotics and the fact that the Currency was seized by local police rather than federal agents.

In response to Salerno's claim, the Government served him with special interrogatories, pursuant to Supplemental Rule G(6), concerning his identity and relationship with the Defendant Currency. Interrogatory No. 2 asked Salerno to "[p]rovide specific details as to your interest in the defendant currencies that you claim." Subsection C of Interrogatory No. 2 asked, "How you acquired an interest [in] the defendant currency you claim." Salerno responded, "From Arturo Delgado." Subsection F. requested that Salerno provide "[s]pecific instances of your conduct (including dates) which show you exercised dominion and control over the defendant currencies you claim." Salerno responded, "Sold property and obtained currency by people paying me cash

for property." Subsection G called for Salerno to provide "[d]ocuments which support your claim to the currency." Salerno answered, "None at this time, will obtain prior to trial."

After responding to the Government's Special Interrogatories, Salerno filed an "Affidavit of Possessory Interest" signed by both Salerno and Delgado. In the affidavit, Delgado asserts "possessory interest / ownership" of the Defendant Currency and transfers his interest to Salerno.

> "I, Arturo M. Delgado, hereby swear and affirm that $65,000 of the $65,822.30 which the Novi police took and stole from me belongs to Fox J. Salerno, currently a prisoner in the Arizona Department of Corrections.
> The money is/was not stolen, not associated with narcotics, and not the proceeds of any illegal activity. I claim possessory interest / ownership, and transfer that possessory interest to Fox Salerno as it is his currency. / I, Fox Salerno, agree.
> Arturo M. Delgado
> Fox Salerno"

After receiving Salerno's responses to its Special Interrogatories, and reviewing Salerno's "Affidavit of Possessory Interest," the Government filed a motion to strike Salerno's claim and enter a final order of forfeiture. In its motion, the Government argues that Salerno has not demonstrated the requisite interest in the Defendant Currency to have standing to contest the forfeiture and, therefore, this court should strike his claim. The Government also asserts that because the time for filing claims has passed, and there are no valid claims to the Defendant Currency, a final order of forfeiture should be entered.

## ANALYSIS

**A. Standing to Contest a Civil Forfeiture Action**

    **I. Law**

A claimant to property that is the subject of an in rem civil forfeiture action must have standing under Article III of the Constitution to challenge the forfeiture. United States v.

$515,060.42, 152 F.3d 491, 497 (6th Cir.1998). To establish Article III standing, a claimant must have "a legally cognizable interest in the defendant property." United States v. Currency $267,961.07, 916 F.2d 1104, 1107 (6th Cir.1990).

"Due to concerns about 'straw man' transfers, 'naked possession' claims are insufficient to establish standing." $515,060.42, 152 F.3d at 498. "When confronted with mere physical possession of property as a basis for standing, we require some explanation or contextual information regarding the claimant's relationship to the seized property." Id. (citing United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1058 (9th Cir.1994); United States v. $321,470.00 U.S. Currency, 874 F.2d 298, 301, 304 (5th Cir.1989). "The assertion of simple physical possession of property as a basis for standing must be accompanied by factual allegations regarding how the claimant came to possess the property, the nature of the claimant's relationship to the property, and/or the story behind the claimant's control of the property." Id. This requirement derives from a common concern for "straw man" transfers of property from criminal defendants to third parties and subsequent assertions of ownership by claimants who lack a legal interest in the property subject to forfeiture. Id. (citing United States v. 526 Liscum Dr., 866 F.2d 213, 216 (6th Cir.1989)). Similarly, bare legal title, in the absence of assertions of dominion, control or some other indicia of ownership or interest in the seized property, is insufficient to confer standing to challenge a forfeiture. Id. at 498 n. 6 (citing 526 Liscum Dr., 866 F.2d at 216; United States v. 900 Rio Vista Blvd., 803 F.2d 625, 630 (11th Cir.1986); United States v. 2511 E. Fairmount Ave., 722 F.Supp. 1273, 1279 (D.Md. 1989)).

Because the danger of false claims in civil forfeiture actions is substantial, courts "demand more than conclusory or hearsay allegations of some 'interest' in the forfeited

4

property." United States v. $100,348 in U.S. Currency, 354 F.3d 1110, 1118-1119 (9th Cir. 2004) (quoting Baker v. United States, 722 F.2d 517, 519 (9th Cir.1983)); see also Mercado v. U.S. Customs Service, 873 F.2d 641, 645 (2nd Cir.1989) ("Because there is a substantial danger of false claims in forfeiture proceedings more was required than the conclusory, hearsay, on-information-and-belief statement of Mercado's lawyer."(citations omitted)).

**II. Analysis**

In this action, Salerno was not in possession of the currency when it was seized and has offered no evidence, other than conclusory and hearsay allegations, to support his contention that he has an cognizable interest in the defendant currency. Additionally, even if the "Affidavit of Possessory Interest" that Salerno filed with the Court is construed to transfer ownership of the currency to Salerno, bare legal title, without evidence of dominion, control or ownership, is insufficient to confer standing. Salerno has had ample opportunity to show that he has a legally congnizable interest in the Defendant Currency and has failed to do so. I hold, therefore, that he lacks standing to contest the forfeiture and GRANT the Government's motion to strike his claim.

**B. Salerno's Motion to Dismiss**

In a civil forfeiture action, if the Government brings an motion to strike a claim, that motion "must be decided before any motion by the claimant to dismiss the action." Supplemental Rule G (8)(c)(ii)(A). This is a simple rule of efficiency. When the Government successfully strikes a claimant's claim, that claimant no longer has standing to bring a motion to dismiss. If the Government is unable to strike a claimant's claim, then the Court can consider his or her motion to dismiss.

Because I have granted the Government's motion to strike Salerno's claim, he does not

have standing to bring a motion to dismiss this forfeiture action.

**C. Final Order of Forfeiture**

Because the deadline for filing claims pursuant to Supplemental Rule G (5) has passed and no valid claims to the Defendant currency have been filed, I ORDER the Defendant Currency, $65,822.30, forfeited to the United States of America.

## CONCLUSION

For the reasons set forth above, I GRANT the Government's motion to strike Fox Salerno's claim and ORDER the Defendant Currency, $65,822.30, forfeited to the United States of America.

**IT IS SO ORDERED.**

Date:   June 4, 2008                     s/John Feikens
                                         United States District Judge

| Proof of Service |
|---|
| I hereby certify that the foregoing order was served on the attorneys/parties of record on June 4, 2008, by U.S. first class mail or electronic means.<br><br>                         s/Carol Cohron<br>                         Case Manager |